```
            DISTRICT COURT OF THE VIRGIN ISLANDS
            DIVISION OF ST. THOMAS AND ST. JOHN
```

LORRAINE SMITH,                    )
                                   )
        Plaintiff,                 )
                                   )
        v.                         )    Civil No. 2010-39
                                   )
SYDNEY KATZ,                       )
                                   )
        Defendant.                 )
                                   )

ATTORNEYS:

**Lee J. Rohn, Esq.**
Lee J. Rohn and Associates
St. Croix, VI
    *For the plaintiff,*

**Robert L. King, Esq.**
Law Offices of Robert L. King
St. Thomas, VI
    *For the defendant.*

## ORDER

**GÓMEZ, J.**

Before the Court are the motions of Lorraine Smith, which are entitled "Motion to Set Aside the Decision on the Amount of Remittitur" and "Amended Motion to Set Aside the Decision on Remittitur." As both seek the same relief, both will be considered together.

The plaintiff, Lorraine Smith ("Smith") was an employee of the Virgin Islands Bureau of Internal Revenue (the "VIBIR"). During the course of her employment, the VIBIR operated out of a building at 9601 Estate Thomas, St. Thomas, Virgin Islands (the

"Marshall Building"). The VIBIR leased the Marshall Building from the defendant, Sydney Katz ("Katz").

While working in the Marshall Building, Smith claims that, in or around June of 2008, she began experiencing various respiratory ailments, which eventually led to a diagnosis of chronic asthma and an ultimate diagnosis of chronic obstructive pulmonary disease ("COPD"). She claims that these ailments were caused by an unusually high amount of mold spores in the air inside the Marshall building. She further claims that the prevalence of these mold spores was due to the improper construction of the building, which allowed the mold to fester, and poor ventilation, which failed to remove the particulates from the building's air supply.

Smith initiated this action on June 9, 2009, in the Superior Court of the Virgin Islands. Thereafter, it was removed to this Court.

A trial before a jury in this matter commenced on June 11, 2012. On June 18, 2012, the jury returned a verdict. The jury found that Katz, as a lessor, failed to use reasonable care to protect from a harmful condition, and negligently failed to warn of this harmful condition. The jury further found that Katz's negligence was the proximate cause of Smith's injuries and concluded that he was liable to her in the amount of $1,290,000, comprised of $390,000 in economic losses and $900,000 in non-

economic losses. The Court thereafter entered judgment on the verdict.

Thereafter, Katz moved for judgment as a matter of law, or, in the alternative, for remittitur under Federal Rule of Civil Procedure 59 ("Rule 59"). The Court, in a memorandum opinion and order dated March 22, 2013, denied Katz's motion for judgment as a matter of law, but ordered remittur of the damage award to $150,000, comprised of $50,000 in economic losses and $100,000 in non-economic losses.

On April 10, 2013, Smith gave notice that she rejected the remittitur and demanded a new trial on damages. Trial was scheduled to begin on September 30, 2013. (ECF No. 495.) One week before trial, on September 23, 2013, Smith filed a motion to set aside the decision on the amount of remittitur. Smith filed a second motion to set aside the remittitur on September 25, 2013.

Smith contends that her motions were filed pursuant to Federal Rule of Civil Procedure 60 ("Rule 60"). Rule 60 only applies to relief from a final judgment or order. It does not apply to interlocutory orders. *See, e.g.*, *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006). An order on a Rule 59 motion, such as an order denying judgment as a matter of law but granting remittitur, is an interlocutory order. *See Cortez v. Trans Union, LLC*, 617 F.3d 688, 695 n. 2 (3d Cir.

2010)(stating that an order denying a motion for judgment as a matter of law but granting new trial unless the plaintiff accepted remittitur was interlocutory in nature). Rule 60 consideration is thus not appropriate here. As such, this Court will construe the motion as one for reconsideration of the March 22, 2013, order.

Local Rule of Civil Procedure 7.3 permits motions for reconsideration only where there is:

1. intervening change in controlling law;

2. availability of new evidence;

3. the need to correct clear error or prevent manifest injustice.

LRCi 7.3. Such motion "shall be filed within fourteen (14) days after entry of the order or decision unless the time is extended by the Court." LRCi 7.3.

The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). "Such motions are not substitutes for appeals, and are not to be used 'as a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not.'" *Cabrita Point Dev., Inc. v.*

*Evans*, 52 V.I. 968, 975 (D.V.I. 2009) (quoting *Bostic v. AT & T of the V.I.*, 312 F. Supp. 2d 731, 733 (D.V.I. 2004)).

In the context of a motion to reconsider, "manifest injustice 'generally means that the Court overlooked some dispositive factual or legal matter that was presented to it.'" *Id.* (quoting *In re Rose*, No. 06-1818(JLP), 2007 U.S. Dist. LEXIS 64622, at *3 (D.N.J. Aug. 30, 2007)). Manifest injustice has also been defined as "'an error in the trial court that is direct, obvious, and observable.'" *Tenn. Prot. & Advocacy, Inc. v. Wells*, 371 F.2d 342, 348 (6th Cir. 2004) (quoting BLACK'S LAW DICTIONARY 974 (7th ed. 1999)). "[M]ost cases ... use the term 'manifest injustice' to describe the result of plain error." *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1425 (5th Cir. 1996).

In order to be timely, a motion for reconsideration of an interlocutory order must be filed within fourteen days of the entry of said order. *See* LRCi 7.3. The order on which Smith seeks reconsideration was entered on March 22, 2013. Smith did not seek an extension of the time in which she had to file her motion for reconsideration. Smith's first motion for reconsideration was filed on September 23, 2013, well past the fourteen day deadline. Smith's second motion for reconsideration was filed on September 25, 2013, also long after

*Smith v. Katz*
Civil No. 2010-39
Order
Page 6

the fourteen day deadline had passed. As such, both motions are untimely.

The premises considered, it is hereby

**ORDERED** that Smith's motions to set aside the March 22, 2013, memorandum opinion and order are **DENIED**.

```
                              S_____
                                 Curtis V. Gómez
                                 District Judge
```