```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                DIVISION OF ST. THOMAS AND ST. JOHN

LORRAINE SMITH,                         )
                                        )
          Plaintiff,                    )
                                        )
          v.                            )    Civil No. 2010-39
                                        )
SYDNEY KATZ,                            )
                                        )
          Defendant.                    )
                                        )
```

ATTORNEYS:

**Lee J. Rohn, Esq.**
Lee J. Rohn and Associates
St. Croix, VI
    *For the plaintiff,*

**Robert L. King, Esq.**
Law Offices of Robert L. King
St. Thomas, VI
    *For the defendant.*

## ORDER

**GÓMEZ, J.**

Before the Court are the motions of defendant Sydney Katz to dismiss plaintiff Lorraine Smith's claims for lost wages, future pain and suffering, and permanent injury; for directed verdict on those same issues; and for judgment as a matter of law on the issue of economic damages. As all seek the same relief, they all will be considered together.

### I.   FACTUAL AND PROCEDURAL HISTORY

The plaintiff, Lorraine Smith ("Smith") was an employee of the Virgin Islands Bureau of Internal Revenue (the "VIBIR").

During the course of her employment, the VIBIR operated out of a building at 9601 Estate Thomas, St. Thomas, Virgin Islands (the "Marshall Building"). The VIBIR leased the Marshall Building from the defendant, Sydney Katz ("Katz").

While working in the Marshall Building, Smith claims that, in or around June of 2008, she began experiencing various respiratory ailments, which eventually led to a diagnosis of chronic asthma and an ultimate diagnosis of chronic obstructive pulmonary disease ("COPD"). She claims that these ailments were caused by an unusually high amount of mold spores in the air inside the Marshall building. She further claims that the prevalence of these mold spores was due to the improper construction of the building, which allowed the mold to fester, and poor ventilation, which failed to remove the particulates from the building's air supply.

Smith initiated this action on June 9, 2009, in the Superior Court of the Virgin Islands. Thereafter, it was removed to this Court.

A trial before a jury in this matter commenced on June 11, 2012. On June 18, 2012, the jury returned a verdict. The jury found that Katz, as a lessor, failed to use reasonable care to protect from a harmful condition, and negligently failed to warn of this harmful condition. The jury further found that Katz's negligence was the proximate cause of Smith's injuries and

concluded that he was liable to Smith in the amount of $1,290,000, comprised of $390,000 in economic losses and $900,000 in non-economic losses. The Court thereafter entered judgment on the verdict.

Thereafter, Katz moved for judgment as a matter of law, or, in the alternative, for remittitur under Federal Rule of Civil Procedure 59 ("Rule 59"). The Court, in a memorandum opinion and order dated March 22, 2013, denied Katz's motion for judgment as a matter of law, but ordered remittur of the damage award to $150,000, comprised of $50,000 in economic losses and $100,000 in non-economic losses.

On April 10, 2013, Smith gave notice that she rejected the remittitur and demanded a new trial on damages. Trial on the issue of damages began on September 30, 2013. (ECF No. 495.) The jury was charged on October 2, 2013.  The next day, on October 3, 2014, Katz filed his motion for directed verdict and to dismiss. On October 4, 2014, the jury awarded Smith $55,000 in non-economic damages, and $20,000 in economic damages. Thereafter, on October 7, 2013, Katz filed his motion for judgment as a matter of law.  Smith opposes the motions.

## II.  DISCUSSION

Judgment as a matter of law pursuant to Rule 50 should be granted "only if, viewing the evidence in the light most favorable to the nonmovant and giving [the nonmovant] the

advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could find liability." *Lightning Lube, Inc. v. Witco Corp.,* 4 F.3d 1153, 1166 (3d Cir. 1993). " 'The question is not whether there is literally no evidence supporting the unsuccessful party, but whether there is evidence upon which a reasonable jury could properly have found its verdict.'" *Johnson v. Campbell*, 332 F.3d 199, 204 (3d. Cir. 2003)(quoting *Gomez v. Allegheny Health Servs. Inc.*, 71 F.3d 1079, 1083 (3d Cir. 1995)).

### III. ANALYSIS

A motion for judgment as a matter of law must be made at any time prior to submission of the case to the jury. Fed. R. Civ. P. 50(a)(2). Such motion must "specify the judgment sought and the law and the facts on which the moving party is entitled to the judgment." *Id.* Where a motion for judgment as a matter of law is not granted, the motion may be renewed after entry of the judgment. Fed. R. Civ. P. 50(b).

"It is well settled that a party who does not file a Rule 50 motion for judgment as a matter of law at the end of the evidence is not thereafter entitled to have judgment entered in its favor notwithstanding an adverse verdict on the ground that there is insufficient evidence to support the verdict." *Greenleaf v. Garlock, Inc.*, 174 F.3d 352, 364 (3d Cir. 1999). In fact, the Third Circuit has held that "the failure to move for a

directed verdict at the close of all evidence does more than limit an aggrieved party's remedy to a new trial. In [the Third Circuit], it wholly waives the right to mount any post-trial attack on the sufficiency of the evidence." *Id.* The Court is unable to find any binding authority on the issue of the precise moment that the case passes to the jury.

It is clear that a motion for judgment as a matter of law first filed after a verdict has been rendered is untimely. *See Rocco v. Johns-Manville Corp.*, 754 F.2d 110, 114 (3d Cir. 1985)("Here, the motion was submitted some time after the verdict had been entered, and was clearly untimely.") It is similarly clear that a formal motion made at the precise close of evidence is timely. *See* Fed. R. Civ. P. 50. Between these two extremes there is a gray area, however, into which the Court must wade in this case.

The Third Circuit has stated that requiring timely and complete compliance with Rule 50 "additionally ensures that the party bearing the burden of proof will have an opportunity to buttress its case before it goes to the jury and the moving party will not gain an unfair advantage through surprise." *Fineman v. Armstrong World Indus., Inc.*, 980 F.2d 171, 183 (3d Cir. 1992). Thus, in order to be timely, a motion for judgment as a matter of law must be made at the close of the evidence, such that the opposing party will have an opportunity to bolster

its case, if necessary. *See id.*; *Levinson v. Prentice-Hall, Inc.*, 868 F.2d 558, 562 (3d Cir. 1989)("Further, the purpose of the requirement that a party move for a directed verdict before moving for a judgment notwithstanding the verdict is to provide the opposing party an opportunity to cure defects in his proofs which could not be remedied except by a new trial if first raised on a motion for a judgment notwithstanding the verdict.")

In *Quinn v. Southwest Wood Products, Inc.*, 597 F.2d 1018 (5th Cir. 1979), the Fifth Circuit considered the issue of notice sufficient to preserve a Rule 50 motion. In *Quinn*, the defendants moved for directed verdict (now called a motion for judgment as a matter of law) at the close of the plaintiff's case, arguing insufficiency of the evidence. *See Quinn v. Southwest Wood Prods., Inc.*, 597 F.2d 1018, 1026 (5th Cir. 1979). The district court did not grant the defendants' motions at that time, and trial continued. The defendants did not renew their motions at the close of the evidence. *Id.* at 1025-26. The parties gave their closing arguments. *Id.* The district court then charged the jury, and the jury retired though it did not then begin deliberations. *Id.* After the jury had been charged and retired, but before the jury began deliberations, the defendants renewed their motions. *Id.* at 1026.

The Fifth Circuit noted that the defendants' motions were "anomalous and inconvenient" and in dicta mentioned that they

might even be untimely. *See id.* ("Let the reader be cautioned, however, that the timing of these procedures was anomalous and inconvenient; and had the court ruled these motions and objections by the parties out of order because untimely, a different question would be presented, one on which we need not and do not pass today.") Though the *Quinn* Court did not reach the issue of whether the filing was untimely, later opinions issued by the Fifth Circuit recognized that such a filing was "untimely" under Rule 50. *Serna v. City of San Antonio*, 244 F.3d 479, 482 (5th Cir. 2001)("In *Quinn*, the party moving for judgment as a matter of law made its motion after the jury had been charged and had retired, though before it had begun deliberations. We held that . . . the motion was untimely. . . .") Despite the timing, the Fifth Circuit in *Quinn* held that the defendants had not procedurally defaulted on their Rule 50 motions.

> The court found that the claimed deficiency in the evidence had been brought to the attention of both the court and opposing counsel. The court also noted that the defendant's motion for a judgment notwithstanding the evidence was based on the same objections specifically urged in the prior directed verdict motion submitted after the close of plaintiffs' evidence. *Quinn v. Southwest Wood Products, Inc.*, 597 F.2d at 1026.

*Villanueva v. McInnis*, 723 F.2d 414, 417 (5th Cir. 1984).

In *Softball Country Club-Atlanta v. Decatur Fed. Sav. & Loan Ass'n*, 121 F.3d 649 (11th Cir. 1997), the Eleventh Circuit was also confronted with the issue of timeliness. In that case, the defendant moved for judgment as a matter of law at the close of all the evidence on specific, enumerated grounds, none of which included the issue of sufficiency of the evidence as to attorney's fees. *Softball Country Club-Atlanta v. Decatur Fed. Sav. & Loan Ass'n*, 121 F.3d 649, 655-56 (11th Cir. 1997). Thereafter, the district court held a charging conference. *Id.* at 656. During that charging conference, for the very first time, the defendant brought up the issue of allocation for attorney's fees. *Id.* at 657. Closing arguments had not yet taken place and the jury had not yet been instructed. *Id.* at 657-59. The district court considered the defendant's motion for judgment as a matter of law post-verdict, and granted it as to the fee allocation issue. *Id.* at 659.

The Eleventh Circuit reversed the district court's ruling. *Id.* ("The district's court's order granting [the defendant's] post-verdict motion for JML as to Plaintiffs' claim for attorneys' fees is REVERSED[.]") In holding that the original motion for judgment as a matter of law was untimely, such that a post-verdict motion was procedurally defaulted, the Eleventh Circuit stated that, "[a]n attorney's mistaken belief that he had raised an argument previously cannot substitute for an

*Smith v. Katz*
Civil No. 2010-39
Order
Page 9

actual, record objection. The representations of Decatur Federal's counsel at the charge conference, therefore, did not preserve Decatur Federal's right to assert a post-verdict motion for [judgment as a matter of law] based on the alleged inadequacy of Plaintiffs' proof of allocable attorneys' fees." *Decatur*, 121 F.3d at 657. Though the jury had not yet been charged or begun deliberations, the Eleventh Circuit held the view that

> These facts and/or inferences, however, do not constitute the kind of action or representation necessary to preserve an argument for post-verdict motions. Decatur Federal failed to inform Plaintiffs in an unambiguous manner that it demanded judgment based on Plaintiffs' failure to prove allocable attorneys' fees. Orderly and definite procedural steps are necessary to sharpen the issues before the court and to avoid misunderstanding. While it is true that this Circuit has not been strict about motions for directed verdict, we cannot depart completely from Rule 50(b).

*Id.* at 659 (internal quotation omitted).

Here, the close of the plaintiff's case-in-chief occurred on October 2, 2013. (Oct. 2, 2013, Trial Tr. 174:16.) Thereupon, the Court asked if the defense wanted to be heard. (Oct. 2, 2013, Trial Tr. 174:24-25.) Defense counsel replied, "no, Your Honor, there's no need for a motion at this point because the issue was solely as to damages . . . . So there's no motion." (Oct. 2, 2013, Trial Tr. 175:2-7.) The close of the evidence in the trial also occurred on October 2, 2013. (Oct. 2, 2013, Trial

Tr. 205:24-206:2.) At that time, the Court inquired if the defense wanted to be heard. (Oct. 2, 2013, Trial Tr. 206:7.) Defense counsel unequivocally stated, "No, Your Honor." (Oct. 2, 2013, Trial Tr. 206:8.)

Thereafter, the Court and the parties held a charging conference off of the record. (Oct. 2, 2013, Trial Tr. 207:5-6.) Defense counsel states that prior to the charging conference, he informed the Court that he intended to make an application to the Court. (ECF No. 612.) Defense counsel also states that the Court indicated the defense would have time to make its application on Friday morning. (ECF No. 612.) As the charging conference occurred off the record, the record reflects no exchanges that may or may not have occurred during the charging conference. The Court has reviewed the minute entries from October 2, 2013, and found that the minute entries also do not reflect such a conversation.

Following the charging conference, the jury was given the first half of the jury charge. The parties then gave their closing arguments. Thereafter, the Court finished the jury charge. The jury was then released for the evening, and the Court recessed. The defense filed its motion for a directed verdict and motion to dismiss the next day, October 3, 2013. (ECF No. 608.) The jury began its deliberations on October 4, 2013.

The Court first notes that there is nothing on the record that indicates that the defense made any attempt to move for a directed verdict before the case was submitted to the jury. There is nothing reflected in the transcripts or on the docket. In fact, to the contrary, the transcript from October 2, 2013, shows that when asked if the defense wished to make an application at the close of the evidence, the defense declined. (Oct. 2, 2013, Trial Tr. 206:7-8.) When the Court recessed on October 2, 2013, at no time had Katz apprised either the Court or Smith of the grounds for his motion for judgment as a matter of law. When Court resumed on October 4, 2013,[1] after being asked if there were objections to the instructions, for the first time on the record, defense counsel argued that the proof as to lost wages, future pain and suffering, and permanent injury was lacking. The Court indicated it took the defense's arguments to relate to the jury instructions, not to directed verdict. (Oct. 4, 2013, Trial Tr. 19:25-20:21.)

Defense counsel argues that the conversation it alleges occurred off the record during the charging conference makes its motion timely. Even if the conversation occurred precisely as defense counsel alleges, however, the defense's reliance on it is misplaced. That conversation, by the defense's own memory,

---

[1] For scheduling reasons, trial of this matter was held every other day, on September 30, 2013, October 2, 2013, and October 4, 2013.

simply asked to "make an application." (ECF No. 612.) It thus failed to meet Rule 50's specificity requirement. See Fed. R. Civ. P. 50 ("The motion must *specify the judgment sought and the law and facts that entitle the movant to the judgment.*")(emphasis added). Furthermore, it occurred after the close of all the evidence. The conversation itself, like in *Decatur*, was thus untimely. *Decatur*, 121 F.3d at 657. It did not fall within the letter of Rule 50. Fed. R. Civ. P. 50(a)(2); *see Greenleaf*, 174 F.3d at 364.

In addition to being untimely, unlike in *Quinn*, it did not fulfill the purposes of Rule 50. *See Taylor Pub. Co.*, 216 F.3d at 472 (stating that one of the purposes of Rule 50 is to provide notice to the non-movant, such that the non-movant may bolster his or her case); *cf. Quinn*, 597 F.2d at 1026 (in which the motion was untimely, but was preceded by several earlier motions raising the same grounds). Simply stating that the defense would like to make an application failed to apprise the the non-movant as to the grounds for the defendant's application. *See id.* It certainly did not allow Smith to put on additional evidence addressing the alleged deficiency.

As the defendant failed to properly make an application under Rule 50 at the close of the evidence, he cannot now request judgment as a matter of law.

*Smith v. Katz*
Civil No. 2010-39
Order
Page 13

The premises considered, it is hereby

**ORDERED** that Katz's motions to dismiss, for directed verdict, and for judgment as a matter of law are **DENIED**.

S\_____
     **Curtis V. Gómez**
     **District Judge**