**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | | |
|---|---|---|
| LORRAINE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 2010-39 |
| | ) | |
| SYDNEY KATZ, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

ATTORNEYS:

**Lee J. Rohn, Esq.**
Lee J. Rohn and Associates
St. Croix, U.S.V.I.
    *For Lorraine Smith.*

**Robert L. King, Esq.**
Law Offices of Robert L. King
St. Thomas, U.S.V.I.
    *For Sydney Katz.*

<u>ORDER</u>

Before the Court is the motion of the plaintiff, Lorraine Smith ("Smith"), for a finding of contempt and sanctions against the defendant, Sydney Katz ("Katz").

A trial to determine the amount of damages to which Lorraine Smith ("Smith") was entitled to receive from the defendant Sydney Katz ("Katz") in the above-captioned matter began on September 30, 2013 (the "Smith Case").[1] In the course of trial, Smith called as witnesses Barbara Richards ("Richards")

---

[1] The liability of Sydney Katz in this matter had already been determined in a previous trial. (Jury Verdict, June 18, 2012, ECF No. 430.)

Smith v. Katz
Civil No. 2010-39
Order
Page 2

and Marie Vanterpool ("Vanterpool"). Richards and Vanterpool had previously participated in a separate case against Katz which involved liability and damages issues related to those in the Smith Case (the "Multiple Employee Case"). The Multiple Employee Case against Katz was unsuccessful.

Vanterpool was called to the stand by Smith. On cross-examination Attorney Robert King, counsel for Katz, asked Vanterpool about her participation in the Multiple Employee Case. Smith objected. At sidebar, the Court instructed Attorney King not to get into the details of the Multiple Employee Case. Thereafter, Richards was called to testify. On cross-examination Attorney King once again asked about the Multiple Employee Case. Smith objected. The undersigned sustained the objection and instructed the jury to disregard any and all mention of the Multiple Employee Case. Smith moved for a mistrial and for sanctions.

Smith's motion for mistrial and sanctions was referred to Magistrate Judge Ruth Miller for a report and recommendation. The Magistrate found that Attorney King intentionally ignored an order of the Court in questioning Richards about the Multiple Employee Case. Applying 28 U.S.C. § 1927, the Magistrate Judge found that: Attorney King's misconduct multiplied the proceedings in this matter; Attorney King's behavior was

Smith v. Katz
Civil No. 2010-39
Order
Page 3

vexatious and unreasonable; Attorney King's misconduct

undoubtedly led to Smith incurring additional costs, expenses,

and attorney's fees; and that Attorney King's misconduct was

intentional.   Accordingly, the Magistrate Judge recommended that

Smith's motion for sanctions be granted, and that Smith file a

verified application for attorney's fees and costs necessitated

by Attorney King's misconduct.

Smith submitted a verified application for attorney's fees

and costs.   Attached to that application were the affidavits of

Attorney Lee Rohn, counsel for Smith, and Attorney Rhea R.

Lawrence, employed by Attorney Rohn.   The affidavits both

included a work log breaking down the hours spent on the instant

motion by each attorney respectively.   Finally the application

had attached receipts for the cost of the trial transcript and

for travel to and from St. Thomas for the hearing on the instant

motion for mistrial and sanctions.   The Court found that Smith

is entitled to reasonable attorney's fees in the amount of

$5,250.   The Court further found that Smith is entitled to costs

and expenses in the amount of $638.15.   On January 14, 2014, the

Court entered an order adopting the Magistrate's report and

recommendations and sanctioning Attorney King. The January 14,

2014, order did not include a deadline by which Attorney King

was to pay in full the sanctions owed to Attorney Rohn.

Smith v. Katz
Civil No. 2010-39
Order
Page 4

On January 17, 2014, Attorney Rohn sent a letter to
Attorney King requesting payment in full within ten days.
Attorney King did not do so. As of the date of Smith's motion,
Attorney King had still not paid the court ordered sanction.

"To prove civil contempt the court must find that (1) a
valid court order existed, (2) the defendant had knowledge of
the order, and (3) the defendant disobeyed the order." *Harris v.
City of Philadelphia*, 47 F.3d 1311, 1326 (3d Cir. 1995). It is
clear from the record that a valid court order existed.  It is
equally clear that the defendant received notice of the January
14, 2014, order.[2]  The only issue here is thus whether the
defendant disobeyed the Court's order.

The January 14, 2014, order required that Attorney King pay
sanctions.  It did not set a specific date by which Attorney
King was to do so. Attorney King argues that there was no date
by which he was to pay sanctions to Attorney Rohn listed in the
Court's January 14, 2014, order his failure to pay said
sanctions cannot result in a finding of contempt. Attorney King
is wrong.

Unless otherwise indicated, "Court orders are effective
when entered." *In re Air Crash Disaster Near Chicago, Ill. on
May 25, 1979*, 90 F.R.D. 613, 620 (N.D. Ill. 1981); *see also*

_____

[2] Not only does the docket indicate as much, but Katz does not argue that he
was unaware of the Court's January 14, 2014, order.

Smith v. Katz
Civil No. 2010-39
Order
Page 5

*Matter of Maurice*, 73 F.3d 124, 128 (7th Cir. 1995), *on reconsideration* (Jan. 5, 1996)("Accordingly, we order Kozel to pay $5,181 to Maurice as a sanction under Rule 38, plus double costs, for a total of $5,301. Although it should not be necessary to do so, we add that this sum, *like any other monetary order entered by a federal court*, is due immediately.")(emphasis added). It strains logic to argue that the lack of a deadline specified within the order allows Attorney King to simply fail to pay sanctions indefinitely. The lack of any other stated deadline simply meant the sanctions became due and payable upon entry of the order. *See Air Crash Disaster*, 90 F.R.D. at 620; *Matter of Maurice*, 73 F.3d at 128. As such, Attorney King's failure to pay sanctions did, in fact, violate this Court's January 14, 2014, order.

"Sanctions must bear a reasonable relation to the conduct which is asserted to be improper." *Air Crash Disaster*, 90 F.R.D. at 621. Attorney Rohn seeks a monetary sanction of $400.00, which she asserts is the cost of having to litigate the issue of contempt. The Court agrees that this amount is not disproportionate to Attorney King's conduct in this case. The Court also notes that interest on federal judgments accrues automatically. *See Christian v. Joseph*, 15 F.3d 296, 298 (3d Cir. 1994)("28 U.S.C.A. § 1961(a) (West Supp.1993), does not

Smith v. Katz
Civil No. 2010-39
Order
Page 6

specifically provide for automatic accrual of post-judgment

interest, yet it has been uniformly interpreted to do so,

regardless of whether the district court order provided for

post-judgment interest payments.") As such, post-judgment

interest began accruing on the ordered sanctions on January 14,

2015.

The premises considered, it is hereby

**ORDERED** that Smith's motion for a finding of contempt and

sanctions is **GRANTED**; and it is further

**ORDERED** that Attorney King shall make payment to Smith for

the costs and fees awarded in the January 14, 2014, order,

together with post-judgment interest as provided in 28 U.S.C. §

1961; and it is further

**ORDERED** that Attorney King shall make payment to Smith in

the amount of $400 as a sanction for his failure to comply with

this Court's January 14, 2014, order.

S_____

**CURTIS V. GÓMEZ**
**District Judge**