```
                    DISTRICT COURT OF THE VIRGIN ISLANDS
                    DIVISION OF ST. THOMAS AND ST. JOHN

LORRAINE SMITH,                    )
                                   )
          Plaintiff,               )
                                   )
     v.                            )     Civil No. 2010-39
                                   )
SYDNEY KATZ,                       )
                                   )
          Defendants.              )
                                   )
```

**ATTORNEYS:**

**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, U.S.V.I.
    *For Lorraine Smith.*

**Robert L. King**
Law Offices of Robert L. King
St. Thomas, U.S.V.I.
    *For Sydney Katz.*

## ORDER

**GÓMEZ, J.**

Before the Court is the motion of the plaintiff, Lorraine Smith, for a finding of contempt and sanctions against the defendant, Sydney Katz.

At all times relevant to this action, Lorraine Smith ("Smith") was an employee of the Virgin Islands Bureau of Internal Revenue (the "VIBIR"). During the course of her employment, the VIBIR operated out of a building at 9601 Estate Thomas, St. Thomas, Virgin Islands (the "Marshall Building").

The VIBIR leased the Marshall Building from the defendant, Sydney Katz ("Katz").

While working in the Marshall Building, Smith claims that, in or around June, 2008, she began experiencing various respiratory ailments, which eventually led to a diagnosis of chronic asthma and an ultimate diagnosis of chronic obstructive pulmonary disease. She claims that these ailments were caused by an unusually high amount of mold spores in the air inside the Marshall building. She further claims that the prevalence of these mold spores was due to the improper construction of the building, which allowed the mold to fester, and poor ventilation, which failed to remove the particulates from the building's air supply.

Several other VIBIR employees, including Barbara Richards ("Richards") and Marie Vanterpool ("Vanterpool"), also alleged that they had been exposed to mold at the Marshall Building. Richards, Vanterpool, and several other employees filed a Complaint in this Court on February 10, 2009 (the "Multiple Employee Action"). In the Multiple Employee Action, the plaintiffs alleged that Katz had negligently maintained the HVAC system in the Marshall Building.

Smith initiated this action (the "Smith case") on June 9, 2009, in the Superior Court of the Virgin Islands. Thereafter, it was removed to this Court.

A jury trial in the Smith case commenced on June 11, 2012. On June 18, 2012, the jury returned a verdict.  The jury found that Katz, as a lessor, failed to use reasonable care to protect from a harmful condition, and negligently failed to warn of this harmful condition.  The jury further found that Katz's negligence was the proximate cause of Smith's injuries and concluded that he was liable to Smith.  The jury awarded Smith $1,290,000 in damages.  Katz moved for a new trial.  The Court denied the motion for a new trial, but remitted the damage award after determining it was excessive.  Thereafter, Smith successfully moved for a new trial on damages.

The Multiple Employee Action was tried before a jury from September 9, 2013, through September 16, 2013.  The jury found in favor of Katz.

The trial to determine the amount of damages in the Smith case began on September 30, 2013.  In the course of the trial, Smith called several witnesses, including Richards and Vanterpool.

Vanterpool was called to the stand by Smith.  On cross-examination Attorney Robert King, counsel for Katz, asked

Vanterpool about her participation in the Multiple Employee Action. Smith objected. At sidebar, the Court instructed Attorney King not to get into the details of the Multiple Employee Case. Thereafter, Richards was called to testify. On cross-examination Attorney King once again asked about the Multiple Employee Action. Smith objected. The undersigned sustained the objection and instructed the jury to disregard any and all mention of the Multiple Employee Action. Smith moved for a mistrial and for sanctions.

Smith's motion for mistrial and sanctions was referred to Magistrate Judge Ruth Miller for a report and recommendation. The Magistrate found that Attorney King intentionally ignored an order of the Court in questioning Richards about the Multiple Employee Action. Applying 28 U.S.C. § 1927, the Magistrate Judge found that: Attorney King's misconduct multiplied the proceedings in this matter; Attorney King's behavior was vexatious and unreasonable; Attorney King's misconduct undoubtedly led to Smith incurring additional costs, expenses, and attorney's fees; and that Attorney King's misconduct was intentional. Accordingly, the Magistrate Judge recommended that Smith's motion for sanctions be granted, and that Smith file a verified application for attorney's fees and costs necessitated by Attorney King's misconduct.

    Smith submitted a verified application for attorney's fees and costs.  Attached to that application were the affidavits of Attorney Lee Rohn and Attorney Rhea R. Lawrence, counsel for Smith.  The affidavits each included a work log breaking down the hours spent on the instant motion by each attorney respectively.  Finally, the application included receipts for costs associated with the instant motion for mistrial and sanctions.  The Court found that Smith is entitled to reasonable attorney's fees in the amount of $5,250.  The Court further found that Smith is entitled to costs and expenses in the amount of $638.15.  On January 14, 2014, the Court entered an order adopting the Magistrate's report and recommendations and sanctioning Attorney King.

    On January 17, 2014, Attorney Rohn sent a letter to Attorney King requesting payment in full within ten days.  Attorney King did not do so.  On August 18, 2015, the Court ordered Attorney King to pay Attorney Rohn.  The Court further sanctioned Attorney King $400 for his failure to comply with the Court's January 14, 2014, order.

    On October 30, 2015, Smith filed a Second Motion for Sanctions.  As of the time of filing, Attorney King had not complied with the Court's orders of January 14, 2014, and August 18, 2015.  A few hours after Smith filed the Second Motion for

Sanctions, Attorney King filed a Notice of Payment. The Notice of Payment stated that

> Counsel for Appellant Sidney Katz, hereby give notice of payment to Lorraine Smith in accordance with the Court's Orders of ECF. January 14, 2014 and August 18, 2015. A cashier's check (Exhibit "A") payable to Lorraine Smith was mailed postage prepaid on today's date to her counsel in the amount of Six Thousand Three Hundred Two ($6,302.15) Dollars after an attempt was made to deliver to the St. Thomas office of Lee Rohn & Associates, LLC which was found closed. This payment was made in accordance with the 18 U.S.C. §1961 and interest rates as set by the Board of Governors of the Federal Reserve System on January 6, 2014 (Exhibit "B").

*Notice of Payment*, ECF No. 656 at 1. Included with the Notice of Payment was a copy of a cashier's check for $6,302.15. ECF No. 656-1.

"To prove civil contempt the court must find that (1) a valid court order existed, (2) the defendant had knowledge of the order, and (3) the defendant disobeyed the order." *Harris v. City of Philadelphia,* 47 F.3d 1311, 1326 (3d Cir. 1995). It is clear from the record that a valid court order existed. It is equally clear that the defendant received notice of the January

14, 2014, order.[1]  Thus, the only issue here is whether the defendant disobeyed the Court's order.

The Court's orders of January 14, 2014, and August 18, 2015, required Attorney King to pay sanctions.  As the Court reminded Attorney King in its August 18, 2015, order,

> Unless otherwise indicated, "Court orders are effective when entered." *In re Air Crash Disaster Near Chicago, Ill. on May 25, 1979,* 90 F.R.D. 613, 620 (N.D. Ill. 1981)*; see also Matter of Maurice,* 73 F.3d 124, 128 (7th Cir. 1995), on reconsideration (Jan. 5, 1996)("Accordingly, we order Kozel to pay $5,181 to Maurice as a sanction under Rule 38, plus double costs, for a total of $5,301.  Although it should not be necessary to do so, we add that this sum, like any other monetary order entered by a federal court, is due immediately.")(emphasis added).

*Smith v. Katz*, 2015 WL 4935813 at *2 (D.V.I. August 18, 2015). As such, Attorney King's failure to pay sanctions violated the Court's orders of January 14, 2014, and August 18, 2015.

"Sanctions must bear a reasonable relation to the conduct which is asserted to be improper." *Air Crash Disaster,* 90 F.R.D. at 621.  Attorney Rohn seeks additional costs and fees that resulted from Attorney Kings refusal to pay the Court ordered sanctions.  Attorney Rohn also seeks a hearing as to why Attorney King should not be found in criminal contempt of Court.

---

[1] Not only does the docket indicate as much, but Katz's Notice of Payment acknowledges the Court's orders of January 14, 2014, and August 18, 2015.

The Court agrees that Attorney Rohn is entitled to reasonable attorney's fees related to her attempts to compel Attorney King to pay the Court ordered sanctions. The Court is not convinced, however, that criminal contempt is required to vindicate the Court's authority. *See Waste Conversion, Inc. v. Rollins Environmental Services (NJ), Inc.*, 893 F.2d 605, 612 (3d Cir. 1990)(citing *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 441 (1911) and instructing district courts "to consider the imposition of civil contempt sanctions before resorting to criminal contempt.").

The premises considered, it is hereby

**ORDERED** that Smith's Second Motion for Sanctions is hereby **GRANTED**; and it is further

**ORDERED** that Smith shall submit to the Court a petition for attorney's fees related to pursuing Smith's Second Motion for Sanctions.

S\_____

**CURTIS V. GÓMEZ**
**District Judge**